UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE MB DOE,
Plaintiff,

v.

SEATAC HOTELS LLC ET AL,
Defendants.

CASE NO. 2:26-cv-00954-TL

ORDER ON MOTION TO PROCEED UNDER PSEUDONYM

This matter is before the Court on Plaintiff Jane MB Doe's Motion to Proceed Under Pseudonym. Dkt. No. 21. The Court has reviewed Plaintiff's motion, the joint response from Defendants G6 Hospitality LLC, G6 Hospitality Property LLC, G6 Hospitality Purchasing LLC, G6 Hospitality IP LLC, G6 Hospitality Franchising LLC, and Motel 6 Operating L.P. (collectively, "G6 Defendants"), and the relevant record. Defendant SeaTac Hotels, LLC did not file a response brief, and Plaintiff did not file a reply brief. The Court GRANTS IN PART and DENIES IN PART the motion.

## I. Background

Plaintiff is a survivor of sex trafficking. Dkt. No. 6 (Amended Complaint) ¶ 7. From January 2011 to June 2015, all while Plaintiff was a minor, she was harbored, abused, and forced to engage in commercial sex acts by her traffickers. *Id*. Defendants are companies that owned and operated the hotels where Plaintiff was allegedly trafficked. *Id*. ¶ 8, 11. For the reasons discussed below, Plaintiff brings the instant motion seeking to proceed under a pseudonym. The matter is ripe for the Court's review.

## II. Legal Standard

Federal Rule of Civil Procedure 10(a) instructs that the title of a complaint "must name all the parties." Fed. R. Civ. P. 10(a). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1042 (9th Cir. 2010). A party's use of fictitious names "runs afoul of the public's common law right of access to judicial proceedings." *Does I through XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

However, the Ninth Circuit allows parties to use pseudonyms under special circumstances, where nondisclosure of the party's identity is necessary "to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* at 1067–68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Where the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity, a party may preserve his or her anonymity in judicial proceedings. *Id.* at 1068. Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when

the anonymous party is compelled to admit his or her intention to engage in illegal conduct[.]" *Id.* (citation modified).

To determine the need for anonymity, courts must balance five factors: "'(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Kamehameha Schs*, 596 F.3d at 1042 (quoting *Advanced Textile*, 214 F.3d at 1068). These are often referred to as "the *Advanced Textile* factors." *See id.* at 1042, 1043.

## III. Discussion

The G6 Defendants assert that they "do not oppose Plaintiff proceeding under a pseudonym for pretrial purposes, provided appropriate protections are implemented to allow the G6 Defendants to meaningfully investigate and defend against Plaintiff's claims." Dkt. No. 25 at 2. However, the G6 Defendants do oppose Plaintiff proceeding under a pseudonym at trial. *Id.*

Plaintiff has sufficiently established her need for anonymity during pre-trial proceedings. She alleges that, while she was a minor, she "endured torture, rape, exploitation, violence and severe psychiatric injury at the hands of her traffickers." Dkt. No. 21 at 2. She asserts that while in the presence of her traffickers, if they were around other people, Plaintiff's even so much as glancing at strangers could lead to her being hit by her traffickers. *Id*. at 3. Any time Plaintiff would try to resist her traffickers, they would beat her, threaten her with violence, and starve her. *Id*. at 7. After years of being trafficked, her relationship with her traffickers leads her to believe that they may know the location of the home where Plaintiff lived with her mother, leaving both her and her family vulnerable to retaliation, should the traffickers find out about this lawsuit. *Id.* Finally, Plaintiff asserts that it is not just the physical harm and threats that put her in fear of future harm, but that she moves to proceed anonymously due to the shame and embarrassment

that she will face given the underlying nature of her allegations. *Id.* at 7. Courts in this District have found that similar facts are sufficient to find the threatened harm severe, the fear reasonable, and the anonymous party vulnerable. *See, e.g.*, *Doe v. G6 Hospitality, LLC*, No. C25-358, 2025 WL 3469870, at *1 (W.D. Wash. Dec. 3, 2025) (finding threatened harm severe, plaintiff's fears reasonable, and that plaintiff was vulnerable where trafficking, physical abuse, and threats from traffickers had occurred in the past); *M.L. v. Craigslist*, No. C19-6153, 2020 WL 8639345, at *1 (W.D. Wash. July 8, 2020) (similar).

Finally, any risk of prejudice to Defendants or the public is outweighed by Plaintiff's need to proceed under a pseudonym. "In matters involving sexual abuse or assault, courts 'have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose [their] identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity.'" *Doe 1 v. United States*, No. C26-2624, 2026 WL 1075243, at *2 (N.D. Cal. Apr. 20, 2026) (quoting *Doe v. Mt. Diablo Unified Sch. Dist.*, No. C18-2589, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018); *see also M.L.*, 2020 WL 8639345, at *2. The public generally has "a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Penzato*, No. C10-5154, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006)).

Although both Parties assert they intend to submit a joint motion for a protective order, such a motion has yet to be filed. *See* Dkt. Nos. 21 at 8, 25 at 2. Plaintiff asserts that "Plaintiff will disclose her name and other identifying information to Defendants once the protective order is in place." Dkt. No. 21 at 8. The G6 Defendants request that the Court's instant Order "should permit Defendants to use Plaintiff's identity in discovery and disclose it to counsel, insurers, experts, investigators, witnesses, and other persons reasonably necessary to defend the case,

subject to confidentiality obligations." Dkt. No. 25 at 6. The Court declines to issue such an order at this time. However, this Order is not to be construed as allowing Plaintiff to conceal her identity from Defendants during the discovery process, or to interfere with Defendants' pre-trial investigation, as anonymity during the discovery and investigative phase should be resolved through the issuance of a protective order rather than this motion. *See Jane Roes 1–2 v. SFBSC Mgmnt., LLC*, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015) (finding that "anonymity would raise problems for discovery" and "anonymity need not, and should not, impede either party's ability to develop its case," but that issuing a limited protective order could "avoid impediments that anonymity might raise."). The G6 Defendants may file a motion regarding the issue if agreement on a protective order cannot be reached.

As a final matter, Plaintiff did not file a reply opposing the G6 Defendants' opposition to Plaintiff proceeding under a pseudonym at trial, nor did Plaintiff make a request specific to trial in her motion. Given the paucity of briefing on the issue, the Court declines to address it at this time. Should this matter proceed to trial, Plaintiff must timely move for continued use of the pseudonym at that time.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed Under Pseudonym (Dkt. No. 21) is GRANTED IN PART and DENIED IN PART. Plaintiff SHALL be allowed to proceed under a pseudonym during the pre-trial phase of this case.

Dated this 22nd day of October, 2026.

Tana Lin
United States District Judge